UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAYMOND ORRAND,** *et al.***,**

      **Plaintiffs,**

                                        **Civil Action 2:11-cv-00125**
**v.**                                      **Judge Edmund A. Sargus**
                                        **Magistrate Judge E.A. Preston Deavers**

**ROCK DRILLERS, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiffs are the Administrator and Trustees of the Ohio Operating Engineers Health and Welfare Plan, Ohio Operating Engineers Pension Fund, Ohio Operating Engineers Apprenticeship Fund and Ohio Operating Engineers Education and Safety Fund (the "Funds"). They have brought suit against Defendant Rock Drillers, Inc. pursuant to a collective bargaining agreement, alleging that Defendant has failed to comply with the fringe benefit contribution and audit requirements of their agreement. Although Plaintiffs completed personal service of their Complaint through the Ohio Secretary of State on April 13, 2011, Defendant has not moved or pled in response to the Complaint. On May 2, 2011 the Clerk of Court entered default against Defendant; Plaintiffs have now filed a motion for default judgment.[1]

Fed. R. Civ. Pro. 55(b)(2), permits the Court to enter default judgment in cases when a sum certain amount or damages have not been ascertained. In this case, an affidavit executed by Raymond Orrand, Administrator of the Funds, indicated that upon his review of the relevant

---

[1] Plaintiffs originally moved for default judgment on May 17, 2011. They have since amended their Motion to make corrections with respect to certain dates for which they seek damages.

employer monthly reports and Trustees' field auditor's audit report, he determined from the audit performed on August 19, 2011, Defendants failed to pay late charges to the Funds in the amount of $727.16.

The Court is satisfied that judgment in this amount is a sum which can be made certain by computation, and that Defendant has failed to move or plead in response to Plaintiffs' Complaint. Therefore, for good cause shown, it is **RECOMMENDED** that Plaintiffs' Amended Motion for Default Judgment (ECF No. 16) be **GRANTED** and that the Clerk **ENTER JUDGMENT** in favor of Plaintiffs Raymond Orrand, et al., and against Defendant Rock Drillers, Inc., as follows:

1. Interest from an audit performed on August 19, 2010 in the amount of $727.16 calculated to February 15, 2011;

2. Statutory interest in the amount of $727.16 calculated to February 15, 2011;

3. Court costs in the amount of $350.00.

In light of Plaintiffs' amended Motion, it is further **RECOMMENDED** that Plaintiff's original Motion for Default Judgment (ECF No. 13) be **DENIED** as moot.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: July 5, 2011                                                    /s/ *Elizabeth A. Preston Deavers*
                                                                                 Elizabeth A. Preston Deavers
                                                                                 United States Magistrate Judge